UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHH MORTGAGE CORPORATION,<br><br>             Plaintiff,<br><br>     v.<br><br>BARRETT, DAFFIN, FRAPPIER, TREDER & WEISS, LLP, et al.,<br><br>             Defendants. | Case No. 15-cv-04711-JD<br><br>**ORDER TRANSFERRING CASE TO THE EASTERN DISTRICT OF CALIFORNIA**<br><br>Re: Dkt. No. 13 |

      Defendant law firm Barrett, Daffin, Frappier, Treder & Weiss, LLP moves to dismiss this diversity lawsuit for improper venue or to transfer it to the Eastern District of California, where the parties agree all the underlying events occurred. The Court transfers the case to the Eastern District of California.

      Plaintiff PHH Mortgage Corporation ("PHH") originally brought this suit against the Barrett, Daffin, Frappier, Treder & Weiss, LLP ("BDFTW") law firm and six of its attorneys, alleging malpractice by BDFTW in its representation of PHH in a lawsuit in Yuba County, California, from 2012 to 2014. Dkt. No. 1. Yuba County lies in the Eastern District of California. The original complaint alleged diversity jurisdiction under 28 U.S.C. § 1332(a)(1), as PHH is a New Jersey Corporation, and BDFTW is a partnership licensed in California with partners residing in California and Texas. Dkt. No. 1 ¶¶ 1-4. Without reciting any additional facts, PHH alleged venue in the Northern District of California under 28 U.S.C. § 1391. *Id*. ¶ 5. Defendants BDFTW and Edward Treder, the only two that had appeared in the action, moved to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3). Dkt. No. 13. Plaintiff then sought and was granted permission to amend the complaint. Dkt. No. 20. The allegations in the amended complaint are similar to the first, but the BDFTW law firm partners

have been dropped as defendants. Dkt. No. 25. BDFTW again moves to dismiss the complaint for improper venue. Dkt. No. 27. The Court determines that it has subject matter jurisdiction over this action under 28 U.S.C. § 1332, and that this matter is suitable for decision without oral argument under Civil Local Rule 7-1(b).

Plaintiff does not dispute that this case could have been brought in the Eastern District of California, or that venue in the Northern District of California was improper under the original complaint that named Texas citizens as defendants. Rather, PHH urges the Court to consider only the amended complaint in determining whether venue in this District is proper under 28 U.S.C. Section 1391(b)(1). Dkt. No. 29 at 1. But even if the Court agreed that venue should be determined based on the amended complaint, PHH has failed to meet its burden of establishing that the Northern District of California is the proper venue for this action. *See Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014) (describing plaintiff's burden to "establish that venue is proper as to each claim").

Plaintiff has failed to establish that, for purposes of venue, BDFTW should be "deemed to reside" in the Northern District. 28 U.S.C. § 1391(c)(2) (an entity is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.") The parties agree that in a state like California with multiple judicial districts, BDFTW's residence for purposes of venue lies in any district in which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state. *See* Dkt. No. 29 at 2-3; Dkt. No. 30 at 3; 28 U.S.C. § 1391(d).[1] But PHH does not identify "certain minimum contacts" of BDFTW with the Northern District of California, much less "continuous and systematic" ones. *See Ambriz v. Coca Cola Co.*, No. 13-CV-03539-

---

[1] Although Section 1391(d) specifically refers to "corporations," the prior combination of texts now found in Sections 1391(d) and (c)(2) suggests that Section 1391(d) should be applied to other entities for whom venue was historically analyzed analogously with corporations. *See* 14D Charles Alan Wright, Fed. Prac. & Proc. § 3812 (4th ed. 2016) ("Because courts had long equated the residence of corporate and unincorporated associations, and because Congress gave no indication of a desire to change that equivalence -- indeed, quite the opposite -- Section 1391(d) should be applied to unincorporated entities"); *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 701, 701 n.2 (S.D. Tex. 2013) (similar). The parties here both address Section 1391(d) in their arguments.

JST, 2014 WL 296159, at *3-*6 (N.D. Cal. Jan. 27, 2014) (finding venue improper in Northern District of California for case involving foreign corporation, absent such contacts); *see also Surface Supplied Inc. v. Kirby Morgan Dive Sys., Inc.*, No. C 13-575 MMC, 2013 WL 2355446, at *4 (N.D. Cal. May 29, 2013) (determining that Section 1391(b)(1) venue would not lie in Central District of California for California corporation based in Northern District).

PHH does not dispute that BDFTW's physical location in California is in Diamond Bar, California, in the Central District. *See* Dkt. No. 27-1 ¶ 2. Although PHH alleges that BDFTW "practices law throughout the State of California," Dkt. No. 25 ¶ 5, it does not specifically allege any conduct in the Northern District of California, or substantiate this allegation in any way. *See Kaia*, 70 F. Supp. 3d at 1183 ("On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), 'the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings,' quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)). And even if BDFTW is "registered to do business in California" and "has appointed an agent for service of process throughout the state," Dkt. No. 29 at 4, this is not enough to establish minimum contacts with the Northern District. *See Presidio Home Care, LLC v. B-E., LLC*, No. CV 14-1864 RSWL (JEMx), 2014 WL 2711299, at *4 (C.D. Cal. Jun. 13, 2014) (finding plaintiff had failed to establish California corporation's residence in Central District, despite agent for service of process located there). Accordingly, the Court finds that Plaintiff has not met its burden in showing that venue is proper under 28 U.S.C. § 1391(b)(1).

Because this case was brought in an improper venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Supreme Court has indicated that this language "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue" in order to serve the general policy of "expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). Also weighing in favor of transfer is the Court's concern that the case might be time-barred if dismissed. *See* Dkt. No. 27-1 ¶¶ 5-6 (parties' communications re extension of a tolling agreement); *see also Amiri v. DynCorp Int'l, Inc.*, No. 14-CV-03333 SC, 2015 WL 166910,

3

1  at *7 (N.D. Cal. Jan. 13, 2015). Here, the parties are in accord that the case could have been
2  brought in the Eastern District of California, given that the litigation that gave rise to the events
3  described in the amended complaint took place in Yuba County. *See* Dkt. No. 25 ¶¶ 6-38. The
4  Court agrees that because "a substantial part of the events or omissions giving rise to the claim
5  occurred" there, venue for this action is proper in the Eastern District under Section 1391(b)(2).
6  BDFTW would also be subject to specific personal jurisdiction in the Eastern District due to its
7  work in Yuba County giving rise to the claim.

8  Even had venue been proper in this District, the Court would still exercise its discretion to
9  transfer this case to the Eastern District of California pursuant to 28 U.S.C. § 1404(a), "[f]or the
10  convenience of parties and witnesses, in the interest of justice." The Court must weigh multiple
11  factors in deciding a motion to transfer under Section 1404(a), including "(1) the location where
12  the relevant agreements were negotiated and executed, (2) the state that is most familiar with the
13  governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the
14  forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the
15  differences in the costs of litigation in the two forums, (7) the availability of compulsory process
16  to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of
17  proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Here, neither
18  party has any demonstrated ties to the Northern District. Only one of the factors, plaintiff's choice
19  of forum, points to the Northern District. The rest are either neutral or weigh heavily in favor of
20  the Eastern District -- where the underlying dispute occurred, and where witnesses are more likely
21  to be located -- as a proper forum for this action.

22  Consequently, this action is transferred to the Eastern District of California. The Clerk is
23  directed to close the case.

24  **IT IS SO ORDERED.**

25  Dated: April 20, 2016

JAMES DONATO
United States District Judge

4