KIEVE LAW OFFICES
  Loren Kieve (Bar No. 56280)
2655 Steiner Street
San Francisco, California 94115
Telephone:     (415) 364-0060
Facsimile:     (435) 304-0060
lk@kievelaw.com

Counsel for plaintiff PHH Mortgage Corporation

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHH MORTGAGE CORPORATION,<br><br>                 Plaintiff,<br><br>         vs.<br><br>BARRETT, DAFFIN, FRAPPIER, TREDER<br>& WEISS, LLP,<br><br>                 Defendant. | Civil Action No. 2:16-cv-00832-KJM-EFB<br><br>PROFFER OF PHH MORTGAGE<br>CORPORATION IN OPPOSITION TO<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>Date:  October 20, 2017<br><br>Time:  10:00 a.m. |

        Pursuant to the Court's permission at the October 20, 2017 hearing, plaintiff PHH

Mortgage Corporation ("PHH") respectfully (a) submits this proffer in response to new matters

raised by defendant Barrett, Daffin, Frappier, Treder & Weiss, LLP (the "Firm") in its reply and

oral argument and (b) requests that the Court accept it and the supporting evidence in ruling on the

pending motion for summary judgment.

        ***The April 5, 2013 Legal Services Agreement Governed the Firm's Retention by PHH in
        the Linza Matter.***

        The following references to the "Treder Dep." come from the Rule 30(b)(6) deposition of

Edward Treder on behalf of the firm (cited pages are attached at **Exhibit 22** to the Second

Declaration of Loren Kieve in Opposition to Barrett Daffin Motion for Summary Judgment

("Second Kieve Decl.").

1    Mr. Treder identified Treder Deposition Exhibit 1 as "two letters, one from Barrett Daffin

2  Frappier Turner & Engel LLP to PHH Mortgage; a letter dated August 19, 2011 from Barrett

3  Daffin Frappier Treder & Weiss; and a 26-page Legal Services Agreement dated July 31, 2011."

4  [Treder Dep. at 41-42] [Second Kieve Decl. ¶ 5]

5    A true and correct copy of Deposition Exhibit 1 in the Treder deposition is attached to the

6  Second Kieve Decl. as **Exhibit 23.** [Second Kieve Decl. ¶ 6]

7    The first letter in that document is dated September 7, 2011 and is on the letterhead of

8  Barrett Daffin Frappier Turner & Engel LLP with an address of 15000 Surveyor Boulevard,

9  Addison Texas 75001. [Second Kieve Decl. ¶ 7]

10    The September 7, 2011 letter has the following "RE:" reference:

11    RE: PHH Legal Services Agreement "Agreement" for the following "Firms":

12        Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE") (Texas)

13        Barrett Daffin Frappier Levine & Block, LLP ("BDFLB") (Georgia)

14        Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") (California/Nevada)

15    [Second Kieve Decl. ¶ 8]

16    The letter reads in part:

17    Dear Jim:

18        We received the above agreements from PHH on behalf of our Firms. Jay Frappier,

19    our Managing Partner executed and I am returning subject to the comments and noted

20    herein. [Second Kieve Decl. ¶ 9]

21    The letter is signed by "Robin Turton, NDEX, Contracts Administrator." [Second Kieve

22  Decl. ¶ 10]

23    The accompanying Legal Services Agreement dated September 7, 2011 reflects that it is

24  "between PHH Mortgage Corporation, a New Jersey corporation, and Barrett Daffin Frappier

25  Treder & Weiss LLP ('Firm'), whose principal address is 15000 Surveyor Blvd, Addison, TX

26  75007." [Second Kieve Decl. ¶ 11] The "Barrett Daffin Frappier *Treder & Weiss* LLP" reference

27

28
Proffer of PHH Mortgage Corporation in          2          Civil Action No. 2:16-cv-00832-KJM-EFB
Opposition to Barrett Daffin Motion for
Summary Judgment

1  (emphasis added) is to the California Firm affiliate, evidencing that its "principal address" is also

2  in Texas.

3      The letter from PHH dated August 19, 2011 was to Mr. Treder and, although he did not

4  have a specific recollection of it, it was "typical of a transmittal letter that [he had] seen

5  previously."  [Treder Dep. at 42] [Second Kieve Decl. ¶ 12]

6      The August 19, 2011 letter reflected that "This agreement [the accompanying Legal

7  Services Agreement] shall supersede and void any preexisting legal services or similar agreements

8  between PHH and your firm."  [Treder Dep. at 42] [Second Kieve Decl. ¶ 13]

9      Mr. Treder's Firm had represented PHH since the Firm was established in 2008. [Treder

10  Dep. at 42] [Second Kieve Decl. ¶ 14]

11      The Barrett Daffin firm in Texas and Georgia has had a relationship with the PHH since

12  1990. [Treder Dep. at 45] [Second Kieve Decl. ¶ 15]

13      The *Linza* matter was initially referred by PHH to "what was then an affiliated nonjudicial

14  foreclosure firm called NDEX West LLC" for two foreclosure actions. [Treder Dep. at 42]

15  [Second Kieve Decl. ¶ 16]

16      The *Linza* matter was subsequently referred to Mr. Treder's Firm. [Treder Dep. at 44]

17  [Second Kieve Decl. ¶ 17]

18      The Legal Services Agreement dated July 31, 2011 identified as Treder Deposition Exhibit

19  1 is in fact a legal services agreement between PHH Mortgage and the Barrett Daffin firm. [Treder

20  Dep. at 54] [Second Kieve Decl. ¶ 18]

21      Prior to this time, there were other documents like it that had similar terms. [Treder Dep. at

22  55-56] [Second Kieve Decl. ¶ 19]

23      From the time the July 31, 2011 Legal Services Agreement was entered into until

24  sometime later, it governed the relationship between PHH and Barrett Daffin with respect to

25  litigation.  Or, as Mr. Treder phrased it, "With respect to the range of services that we – that we

26  performed on behalf of PHH, yes." [Treder Dep. at 54] [Second Kieve Decl. ¶ 20]

27

28

1    The *Linza* matter was referred to the Firm when it became litigation. [Treder Dep. at 54]

2    [Second Kieve Decl. ¶ 21]

3    Treder Deposition Exhibit 2 [which PHH previously submitted as **Exhibit 1** in its

4    compendium of exhibits in opposition to the Firm's summary judgment motion, and is attached

5    here again for the Court's convenience] is a "legal services agreement dated as of the 5th day of

6    April 2013 between PHH Mortgage and the Barrett Daffin firm. [Treder Dep. at 65-66] [Second

7    Kieve Decl. ¶ 22]

8    The April 5, 2013 Legal Services Agreement [Treder Deposition Exhibit 2, Compendium

9    **Exhibit 1**] superseded the prior Legal Services Agreement that was identified as Treder

10   Deposition Exhibit 1 (**Exhibit 23)**. [Treder Dep. at 65-66] [Second Kieve Decl. ¶ 23; Declaration

11   of Shannon Tomasso in Opposition to Barrett Daffin Motion for Summary Judgment ("Tomasso

12   Decl.") ¶ 10]

13   As reflected in the e-mail correspondence at the pages following page 38 of the April 5,

14   2013 Legal Services Agreement, the Barrett Daffin firm made the changes that are reflected in

15   underlining and strike-outs in **Exhibit 1**, and in particular the edits on page 21 to § 12.1 that

16   replaced New Jersey with Texas as the governing law. [Tomasso Decl. ¶ 8]

17   The July 31, 2011 Legal Services Agreement governed the relationship between PHH and

18   the Barrett Dafffin firm, including the California affiliate, from July 31, 2011 until it was

19   superseded by the April 5, 2013 Legal Services Agreement, which continued in force from April

20   5, 2013 until PHH notified the Barrett Daffin firm in writing on January 29, 2016 that PHH was

21   terminating the Legal Services Agreement. [Tomasso Decl. ¶ 10]

22   The two Legal Services Agreements dated July 31, 2011 and April 5, 2013 governed the

23   relationship between PHH and the Barrett Daffin firm for the firm's representation of PHH in the

24   *Linza* lawsuit and the retention by PHH of the firm to represent PHH in the *Linza* lawsuit until

25   PHH terminated the relationship with PHH's January 29, 2016 letter. [Tomasso Decl. ¶ 11]

26   The pages of the deposition testimony of Mr. Treder where he testified that the April 5,

27   2013 Legal Services Agreement [Treder Deposition Exhibit 2] superseded the prior July 31, 2011

28

Proffer of PHH Mortgage Corporation in          4          Civil Action No. 2:16-cv-00832-KJM-EFB
Opposition to Barrett Daffin Motion for
Summary Judgment

1  Legal Services Agreement that was identified as Treder Deposition Exhibit 1, namely pages 65-

2  66, were included in the pages PHH submitted as part of its opposition to the Firm's motion for

3  summary judgment. See PHH Compendium of Exhibits, ECF Doc. 61-5, Exh. 21, at page 144 of

4  154. [Second Kieve Decl. ¶ 24]

5          The prior July 31, 2011 Legal Services Agreement (**Exhibit** 23) has the following

6  provision at page 18:

7          12.1 GOVERNING LAW. This Agreement shall be deemed to be made in and in all

8  respects shall be interpreted, construed and governed by and in accordance with the internal laws

9  of the State of New Jersey. [Second Kieve Decl. ¶ 25]

10         If New Jersey law were to apply, its limitations period for legal malpractice claims is six

11  years. *See McGrogan v. Till,* 167 N.J. 414 (2001).

12         ***Limitations Under Texas Law Began on October 23, 2017.***

13         On October 23, 2017, the Third District Court of Appeal issued its opinion and order in the

14  appeal styled *Linza v. PHH Mortgage Corp.,* No. C078067, (a) reversing the judgment below of

15  some $16 million, including $15.7 million in punitive damages, as well as the award of attorneys'

16  fees to Mr. Linza, and (b) remanding for a limited trial on the issue of contract damages. PHH

17  Supplemental Request for Judicial Notice, **Exhibit 24.**

18         Under the governing Texas law, the October 23, 2017 Third District Court of Appeal

19  decision begins the running of Texas's two-year statute of limitations.  *Apex Towing Co. v. Tolin*,

20  41 S.W.3d at 119; *Hughes v. Mahaney & Higgens,* 821 S.W.2d 154, 157 (Tex. 1991); *Ghidoni v.*

21  *Skeins*, 510 S.W.3d 707, 712 (Tex. App. 2016) (referring to "the strict, bright-line rule"

22  established in *Apex Towing*).

23         In its reply brief, the Firm [at 5:3-9] cites two Texas cases applying that state's "borrowing

24  statute" that will apply a shorter limitations statute of a state where the claim arose if the plaintiff

25  is a resident of a "foreign" state (*i.e.,* a U.S. state other than Texas), *Tullis v. Georgia-Pac. Corp.*,

26  45 S.W. 3d 118 (Tex. App. 2000), and *Owens Corning v. Carter*, 997 S.W. 2d 560 (Tex. 1999).

27

28

Proffer of PHH Mortgage Corporation in          5          Civil Action No. 2:16-cv-00832-KJM-EFB
Opposition to Barrett Daffin Motion for
Summary Judgment

1    Both cases involved personal injuries (one in an auto accident and the other caused by

2    asbestos) and the application of the Texas "borrowing" statute, Tex. Civ. Prac. & Rem. Code Ann.

3    § 71.031, which applies to an action for damages for "death or personal injury."

4    Prior to 2015, there was a split among the Texas intermediate appellate courts as to

5    whether legal professional malpractice was considered "personal injury." This was important

6    because Texas's arbitration statute exempts from arbitration any "claim for personal injury" unless

7    there is a post-injury arbitration agreement signed by each party, with advice of counsel, and each

8    party's counsel. Tex. Civ. Prac. & Rem. Code Ann. § 171.002(a)(3). See *In re Pham*, 314 S.W.3d

9    520, 525 (Tex. App. 2010) (citations omitted) ("Several courts, including this one, have held, as

10   we do here, that legal malpractice claims do not constitute personal injury claims for purposes of

11   section 171.002").

12   In *Royston, Rayzor, Vickery & Williams, L.L.P. v. Lopez,* 443 S.W.3d 196, 207 (Tex. App.

13   2013), *rev'd sub nom. Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494 (Tex.

14   2015), the intermediate appeals court held that an agreement between a law firm and client to

15   arbitrate their disputes was unconscionable. The 2-1 appellate court majority did not address

16   whether § 171.002's exclusion from mandatory arbitration of a "personal injury" claim applied.

17   The dissent did so and, citing *Pham* and other Texas appellate cases holding that a claim for legal

18   malpractice is not one for "personal injury," would have sustained the arbitration provision. 443

19   S.W.3d at 211.

20   On petition for review, the Texas Supreme Court reversed and remanded with instructions

21   to compel arbitration. The four-Justice majority opinion did not address § 171.002. The three-

22   Justice concurrence agreed that the client "failed to establish a defense to arbitration," 467 S.W.3d

23   at 506, and, in a footnote, cited the *Pham* dissent, noted above, 467 S.W.3d at 507.

24   If a claim of legal malpractice constituted a claim for "personal injury," it necessarily

25   could not be subject to a mandatory, pre-injury arbitration agreement because of § 171.002's bar

26   of "personal injury" claims from arbitration. A claim for legal malpractice is therefore necessarily

27   not one for "personal injury" under Texas law. Because a claim for legal malpractice is not for

28
Proffer of PHH Mortgage Corporation in          6          Civil Action No. 2:16-cv-00832-KJM-EFB
Opposition to Barrett Daffin Motion for
Summary Judgment

1  "personal injury" in Texas, Texas's borrowing statute, which applies only to claims for "death or

2  personal injury," does not apply to a legal malpractice claim. See also *Barnes v. John M. O'Quinn*

3  *& Assocs.,* PLLC, No. 4:16-CV-72-SA-JMV, 2017 WL 1251903, at \*6 (N.D. Miss. Mar. 31,

4  2017) (ordering arbitration under Texas law of claims of legal malpractice).

5       In addition, under another part of the borrowing statute, § 71.031(b), because the

6  borrowing provisions of § 71.031(a) are not applicable, "all matters pertaining to procedure in the

7  prosecution or maintenance of the action in the courts of this state are governed by the law of this

8  state" – again confirming that Texas's regular two-year limitations period for legal malpractice

9  governs here.

10  Dated:  October 25, 2017

11                                             Loren Kieve

12                                             Counsel for plaintiff
                                               PHH Mortgage Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Proffer of PHH Mortgage Corporation in          7          Civil Action No. 2:16-cv-00832-KJM-EFB
Opposition to Barrett Daffin Motion for
Summary Judgment