UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHH MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT, DAFFIN, FRAPPIER, TREDER & WEISS, LLP, ET AL.,<br><br>Defendants. | No. 2:16-cv-00832-KJM-EFB<br><br>ORDER |

On October 20, 2017, the court heard oral argument on the motion for summary judgment brought by defendant Barret, Daffin, Frappier, Treder & Weiss, LLP. At hearing, plaintiff's counsel proffered a Legal Services Agreement that immediately preceded the Agreement plaintiff relies on in its opposition. Defendant's counsel objected. The court instructed plaintiff to file its proffer on the docket and advised it would determine, following oral argument, whether the court will consider the proffer.

On October 25, 2017, plaintiff filed its proffer. ECF No. 67. Plaintiff's filing includes a memorandum (ECF No. 67), a supplemental request for judicial notice (ECF No. 67-1), and two declarations with attached exhibits (ECF Nos. 67-2, 67-3). On October 27, 2017, defendant objected to plaintiff's proffer, arguing plaintiff now "attempt[s] to reargue the entire motion, with new arguments and evidence" by filing a proffer that exceeds the "*single* document" proffered at the October 20, 2017 hearing. *See* ECF No. 68 at 2 (emphasis in original).

1

Following careful consideration, the court determines it will consider portions of plaintiff's proffer pertaining to the Legal Services Agreement. The Federal Rules of Civil Procedure "are to be construed to achieve the just determination of every action." *See Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (en banc) (discussing Fed. R. Civ. P. 60(b)(1)) (citing Fed. R. Civ. P. 1), *superseded in part by statute*, Fed. R. Civ. P. 4(a)(6), *as recognized in In re Stein*, 197 F.3d 421, 426 (9th Cir. 1999); *S.G.D. Eng'g Ltd. v. Lockheed Martin Corp. Inc.*, No. CV-11-02493-PHX-DGC, 2013 WL 6511841, at *3 (D. Ariz. Dec. 12, 2013) (permitting defendant to supplement its response and statement of facts in opposition to plaintiff's motion for summary judgment). Further, when a party fails to support an assertion of fact or fails to properly address another party's assertion of fact, the court may afford the party an opportunity to support or address the fact. Fed.R.Civ.P. 56(e)(1).

Thus, in the interest of reaching the merits here, the court will consider the parties' purported 2011 Legal Services Agreement and evidence related to the authentication and scope of that agreement. The court therefore OVERRULES defendant's objections to the proffer material filed as ECF Nos. 67 at 1-5 and 67-2 and 67-3, as these documents are relevant to the agreement and its potential applicability in this matter. However, the court will not consider portions of plaintiff's proffer unrelated to counsel's representations at the October 20, 2017 hearing. The court therefore SUSTAINS defendant's objections with respect to proffer material regarding the Texas statute of limitations, ECF Nos. 67 at 5:12-7:9 and 67-1.

Defendant is entitled to respond. Defendant's response, limited to ten pages, is due seven days after this order is issued, and should address, at a minimum, (1) whether the Legal Services Agreement(s) governed the parties' relationship from the inception of *Linza*, and (2) if so, whether the New Jersey statute of limitations for legal malpractice governs this action.

IT IS SO ORDERED.

DATED: November 6, 2017.

_____
UNITED STATES DISTRICT JUDGE